IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURENCE SANDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1631 (RWR) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| U.S. SECRET SERVICE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between Plaintiff and the United States of America and the United States Secret Service ("Defendants"), as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. Defendants agree to pay the sum of $1,800, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this Settlement Agreement, including any claims for medical expenses, pain and suffering, mental anguish, costs and fees, for which Plaintiff (including his guardians, heirs, executors, administrators or assigns) now has or may hereafter acquire against Defendants, their agents, servants, and employees.

3. Plaintiff (including his guardians, heirs, executors, administrators or assigns) hereby agrees to accept the sum set forth in this Settlement Agreement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for medical expenses, pain and suffering, mental anguish, costs and fees, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, damage to property and the consequences thereof which he may have or hereafter acquire against Defendants, their agents, servants and employees, on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff (including his guardians, heirs, executors, administrators or assigns) further agrees to reimburse, indemnify and hold harmless Defendants, their agents, servants, and employees, from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff (including his guardians, heirs, executors, administrators or assigns) against any third party or against Defendants.

4. This Settlement Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of Defendants, their agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This Settlement Agreement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

8. The sum specified in paragraph 2 shall be payable to Plaintiff by electronic transfer from the Judgment Fund. Payment shall be made as promptly as practicable, consistent with the normal processing procedures of the United States of America. Defendants' counsel shall promptly prepare and submit all required documentation for processing of this payment, and Plaintiff shall cooperate with Defendants' counsel to ensure that such documentation is complete and accurate.

9. The above-captioned action is to be dismissed with prejudice, except that the District Court shall have jurisdiction to reinstate the action on motion of any party to resolve a claim of noncompliance with the terms of this Settlement Agreement.

10. Plaintiff represents and warrants that, in entering into and executing this Settlement Agreement, he has relied on his own investigation, he has been given a reasonable period of time within which to consider the terms and conditions of this Settlement Agreement and he has voluntarily entered into this Settlement Agreement.

11. This Settlement Agreement sets forth the full and complete agreement of the parties with regard to the resolution of Plaintiff's claims arising from or by reason of the subject matter of the

above-captioned action. There are no additional obligations, either oral or written, to be performed by any party beyond those set forth herein.

12. It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Respectfully Submitted,

_____
LAURENCE SANDELL
6012 Onondaga Rd.
Bethesda, MD 20816
(202) 329-9407

Plaintiff

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
Judiciary Center Bldg.
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 307-0372

Attorneys for Defendants


SO ORDERED, this _____ day of _____, 2008:


_____
UNITED STATES DISTRICT JUDGE